## Application of DOVAS.

Railroad & Public Utilities Commission.
January 25, 1952.

See Dovas v. State Beverage Department, 1 Fla. Supp. 180.

———•———

John D. Marsh, Miami, for applicant.

John H. Wahl, Jr., Miami, for Southern Bell Tel. & Tel. Co.

Mallory H. Horton, Miami, for the Attorney General.

BY THE COMMISSION.

On August 3, 1951 the sheriff's office advised the telephone company that telephone facilities at 221 N. E. 2nd St., Miami, were being used for illegal purposes and requested that the facilities be discontinued. Pursuant to this request the company discontinued the service and removed the wiring from the premises on August 8. This is an application for reinstallation of service.

Facilities involved were telephone no. 82-8909, a business individual line, and no. 39-2295, a non-listed public pay telephone. The premises where telephones were located were used for the operation of a restaurant and bar.

The applicant, George Dovas, testified that he has been ill with arthritis for quite some time, and that his business at 221 N. E. 2nd St. is being operated by John Prokas and Jim Prokas. He states, however, that he keeps in constant touch with the business and supervises it by the use of a telephone.

He represents to the commission that he never authorized anyone to use the facilities for illegal purposes, and that to his knowledge it has never been used for the dissemination of gambling information. He has operated the Athens Cafe since 1946.

It appears that during the investigation by the sheriff's office telephone wires were discovered in rooms 3 and 7 of the upper story of the premises involved, the upper story being used for a hotel—although there were no telephone instruments in these rooms. Applicant has no knowledge concerning these wires.

John Prokas, who was arrested by the officers on August 3, testified that he had not engaged in any form of gambling and had no knowledge of any illegal use of the telephone facilities. He was arrested, however, and after the hearing his attorney submitted to the commission a certified copy of a jury's verdict in the court of crimes, Dade County, dated December 13, 1951, wherein the defendant was found not guilty.

The applicant has been without telephone service for about five months, and we feel that having been deprived of this privilege for that length of time, he has been made sufficiently aware of the need to provide close supervision over his telephones so that they will not be used for illegal purposes in the future.

It is therefore ordered that Southern Bell Tel. & Tel. Co. be and it is authorized to install telephone service to applicant at 219 N. E. 2nd St., Miami, on proper application therefor in conformity with its customary business practices relating to the installation of telephone service.